UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PETER COTTS,
    Plaintiff,

v.                                          No 05-1150

DR. OSAFA, et. al.
    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court are the defendants, Jerry Bohler and Allan Martin's summary judgment motion [69] and the plaintiff's response [78].

Plaintiff Peter Cotts was formerly an inmate in the custody of the Illinois Department of Corrections. Plaintiff brings this action under 42 U.S.C. § 1983 against prison doctors and officials, alleging deliberate indifference to his serious medical needs. Specifically, Plaintiff contends that the defendant prison doctors and officials failed to provide or ensure the prompt and appropriate treatment of his inguinal hernia while incarcerated at Illinois River Correctional Center ("Illinois River") and, later, at Shawnee Correctional Center ("Shawnee". See plaintiff's Amended Complaint [44]. Defendants Jerry Bohler and Allan Martin are non-medical prison officials. Defendants Bohler and Martin move for summary judgment on the following grounds: First, they assert that Plaintiff failed to exhaust his administrative remedies prior to bringing suit against Defendants Bohler and Martin. Second, these defendants assert that there is insufficient evidence to support an inference that Defendants Bohler and Martin were deliberately indifferent to Plaintiff's serious medical needs. Third, Defendants Bohler and Martin are entitled to qualified immunity.

In response [78], Plaintiff Peter Cotts advises the court that he does not oppose the request for relief in the Motion for Summary Judgment [69] filed by Defendants Jerry Bohler and Allan Martin (the "IDOC Defendants"). Plaintiff reminds the court that when this case was commenced the plaintiff proceeded *pro se*. The identity of the defendants was initially determined by the plaintiff acting *pro se* and while in custody, without the benefit of a pre-filing investigation conducted by counsel. Since that time, the counsel was appointed and counsel has engaged in thorough discovery, including discovery from the IDOC Defendants. The complaint was subsequently amended with the benefit of counsel, but before discovery was undertaken. After evaluating that discovery and reviewing the applicable law (including this court's ruling in *Johnson v. Doughty*, slip op., 01-CV-3119 (C.D. Ill. May 30, 2003)), Plaintiff advises the court that he has determined that the Medical Defendants are the "legally culpable defendants" in this action. Consequently, Plaintiff filed a comprehensive opposition [75] to the Medical Defendants' summary judgment motion [67] in this case. However, without admitting any facts or contentions of the IDOC Defendants for any purpose, Plaintiff has determined to pursue his claims against the Medical Defendants, but does not oppose the request for relief in the IDOC

Defendants' summary judgment motion [69]. Plaintiff advises the court that he made this determination after consulting with his attorney on several occasions, including an in-person meeting to discuss the issue on September 30, 2008.

It is therefore ordered:

1. Based on the foregoing, Defendants, Jerry Bohler and Alan Martin's summary judgment motion [69] is granted.  The clerk of the court is directed to terminate Jerry Bohler and Alan Martin as defendants, forthwith.  At the close of this case, the clerk of the court is directed to enter judgment in favor of the defendants, Jerry Bohler and Alan Martin and against the plaintiff pursuant to Fed. R. Civ. P. 56.
2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 26th day of March 2009.

         s\Harold A. Baker

       _____
          Harold A. Baker
        United States District Judge